# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JERRY SOMERSET,** | : | |
| Plaintiff, | : | Civ. No. 20-2297 (KM) |
| v. | : | |
| **PARTNERS PHARMACY LLC,** | : | **OPINION** |
| Defendant. | : | |

Mr. Jerry Somerset filed this action in the United States District Court for the Eastern District of Pennsylvania. (For reasons that will become clear, I refer to the above-captioned action as "*Somerset IV*".) Noting that a New Jersey plaintiff was suing a New Jersey defendant based on events that occurred in New Jersey, Chief Judge Juan R. Sanchez of that court immediately transferred venue to this district. Judge Sanchez left the pending motion to proceed *in forma pauperis* to the discretion of this, the transferee court. (DE 4)

Based on the income information in Mr. Somerset's application (DE 1), I will grant him *in forma pauperis* status, as I have in prior actions filed by him. As I must, I have screened this action pursuant to 28 U.S.C. § 1915(e). I find that Mr. Somerset, having had the same or similar actions dismissed in New Jersey State Court and in this Court, simply filed the same or similar claims in the Eastern District of Pennsylvania. I will dismiss the case on *res judicata* grounds.

## I. Screening: Applicable Standard

Having granted IFP status, the court is obligated to screen the allegations of the complaint to determine whether it

  (i)   is frivolous or malicious;
  (ii)  fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from

1

such relief.

28 U.S.C. § 1915(e).[1]

The second ground, failure to state a claim, incorporates the familiar standards under Fed. R. Civ. P. 12(b)(6).[2] On a Rule 12(b)(6) motion, a complaint may be dismissed on *res judicata* grounds, where the necessary facts are "apparent on the face of the complaint." *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Smith v. Hillside Village*, No. CV 17-0883 (KM), 2018 WL 588923, at *3 (D.N.J. Jan. 26, 2018). *Res judicata* may likewise be a fit basis for dismissal on IFP screening under 28 U.S.C. § 1915. *See McMillian v. Trans World Airlines*, No. 08–4449, 2009 WL 1396780, at *1 (3d Cir. May 20, 2009) (dismissing appeal from order *sua sponte* dismissing complaint on *res judicata* grounds under Section 1915); *Britt v. United Steel Workers Local 2367*, 319 F. App'x 89, 90 (3d Cir. 2008) (affirming order *sua*

---

[1] [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)(§ 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna*, No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), *report and recommendation adopted*, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

[2] Very briefly, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Where the plaintiff, like Mr. Somerset here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

*sponte* dismissing complaint for same).

*Res judicata* of course requires the court to consider the contents of a prior judicial decision. On a motion to dismiss, the court may consider a prior judicial decision, particularly its own, not for the truth of facts therein, but for its existence and legal effect. *Smith, supra* (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)). *See generally* Fed. R. Evid. 201.

## II. Discussion

### A. Prior Actions

In three prior actions, Mr. Somerset has asserted identical or closely related grievances concerning the use of a truck.

The first was *Somerset v. Elam*, No. DC-06311-15 (N.J. Superior Court, Law Division, Special Civil Part) ("*Somerset I*"). *Somerset I* was a suit filed by Mr. Somerset against Mr. Elam in state court. Somerset, who is vision-impaired, alleged that he made the down payment on a van for his friend, defendant Elam, to drive in connection with their floor refurbishing business. Elam, he alleged, took advantage of his disability and used the van in another business making deliveries for pharmacies. This, Somerset alleged, violated their agreement to share and share alike. That state court matter went to trial. Mr. Somerset did not prevail, however, and judgment was entered in favor of Elam.

The second action was filed by Mr. Somerset on February 14, 2017. *Somerset v. State of New Jersey, et al.*, Civ. No. 17-993 (D.N.J.) ("*Somerset II*"). The Amended Complaint names Elam; the State of New Jersey; Frank Covello, J.S.C. (the judge in the state court case); and Lawrence D. Eichen, Esq. (Elam's attorney in the state court case). It also names Strategic Delivery Systems (a/k/a SDSR, the Healthcare Delivery Specialists), and Partners Pharmacy, LLC (the defendant in this case). Somerset alleged that Elam used the van without authorization and without sharing the profits to make deliveries for SDSR and Partners. The original complaint asserted claims under the

Americans with Disabilities Act ("ADA") and the Contracts Clause of the U.S. Constitution. I granted motions to dismiss without prejudice to amendment. (*See* 17cv993 DE 70 (Amended Opinion, replacing DE 30, dismissing original complaint).) I later granted motions to dismiss the amended complaint. (*See* DE 60 (Opinion dismissing amended complaint); DE 77 (Opinion dismissing amended complaint as to SDSR only).) The dismissals rested on various grounds, including, most pertinently, *res judicata* and failure to state a claim.[3] The file was closed on March 4, 2019.

A third action was filed by Mr. Somerset on November 1, 2019. *Somerset v. Partners Pharmacy LLC et al.*, Civ. No. 19-19707 (D.N.J.) ("*Somerset III*"). *Somerset III* substantially duplicated *Somerset II*. The defendants are essentially the same: Partners, SDS, Judge Covello, Elam, and Eichen. (The State of New Jersey has been dropped.) The underlying facts are the same: Mr. Somerset alleges that he invested in the van; that Elam took advantage of his disability and diverted the vehicle to another business (involving Partners and SDSR); and that Judge Covello and attorney Eichen violated his rights in the course of the *Somerset I* proceeding. *Somerset III* added an allegation that the items transported in the van included opioids, contributing to the opioid crisis in this country.

I dismissed *Somerset III* on initial screening based on *res judicata* (claim preclusion and issue preclusion). After citing well-settled standards, I reasoned as follows:

> This is not a close case. Mr. Somerset sued Mr. Elam in state court, and lost; the remedy for any error in that proceeding lies in the state appellate courts. Instead, he sued Elam and others in federal court, but eventually his complaint, after one opportunity to amend, was dismissed with prejudice. Again, his remedy for any error was an appeal to the United States Court of Appeals for the

---

[3] Because the prior judgment was a state court judgment, at that stage I applied state res judicata standards.

Third Circuit, once final judgment was entered on March 4, 2019.[4] *See Olaniyi v. Alexa Cab Co.*, 239 F. App'x 698, 699 (3d Cir. 2007) (to challenge district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not bring new action before a district court judge). Again, he did not avail himself of that appellate remedy, but has simply sued the same parties again, asserting essentially the same claims.

It is true that some facts have been added—primarily the allegation that the items transported included illegal opioids. The underlying transactions on which Mr. Somerset sues, however, are precisely the same. The *res judicata* doctrines preclude all claims arising out of the same facts that were or could have been asserted in the prior action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

(Order and Amended Opinion filed November 6 and 7, 2019, 19cv19707 DE 4 and 5)

### B. This Action (Somerset IV)

Mr. Somerset did not file an appeal from the *res judicata* dismissal of *Somerset III*. Instead, he went to the United States District Court for the Eastern District of Pennsylvania and filed the same claims against Partners Pharmacy, LLC only. As noted, a judge of that court immediately perceived that this was a dispute between New Jersey parties about events that occurred in New Jersey, and transferred venue to this Court. The caption in this court is *Somerset v. Partners Pharmacy LLC*, Civ. No. 20-2297 (D.N.J.) ("*Somerset IV*").

The complaint in this action, *Somerset IV*, again arises from Mr. Elam's alleged use of the truck without authorization to transport items for a pharmacy, defendant Partners Pharmacy LLC. The activities are alleged to include the delivery of opiate drugs to federally fund[ed] medical facilities,

---

[4] He did file a premature notice of appeal in 2018, but this was dismissed on jurisdictional grounds, because there had not yet been a final decision in the case. (DE 67 (Nov. 7, 2018)). No notice of appeal was filed following the court's final decision.

which, in plaintiff's view, tends to exacerbate the national opiate crisis. Statutes cited include the Americans With Disabilities Act and the federal and state false claims acts.

Claim or issue preclusion as between two federal actions is governed by federal standards. Claim preclusion has three essential elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus.*, Inc., 746 F.2d 977, 983 (3d Cir. 1984). Issue preclusion bars relitigation of a legal or factual issue when "(1) the issue … is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (citations omitted)." *SEC v. Lazare Indus., Inc.*, 294 F. App'x 711, 714 (3d Cir. 2008).

The claims and issues in this current action are self-evidently ones that were or could have been brought in multiple prior actions, and they arise from the same acts and transactions that underlie the prior actions. They are barred by *res judicata*.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED on screening pursuant to 28 U.S.C. § 1915(e), with prejudice. The clerk shall close the file.

Dated: March 10, 2020

KEVIN MCNULTY
United States District Judge